962 F.2d 10
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Joseph H. LAKE, Plaintiff-Appellant,
v.
Dr. SANGO, Dr. Liss and Anthony Metzcus, Defendants-Appellees.
 No. 91-1115.
 United States Court of Appeals, Seventh Circuit.
 Submitted April 22, 1992.*
Decided May 8, 1992.
 
 Before BAUER, Chief Judge, and COFFEY and KANNE, Circuit Judges.
 
 ORDER
 
 1
 Plaintiff Joseph H. Lake, an inmate at the Westville Correction Center ("W.C.C.") in Westville, Indiana, filed a complaint pursuant to 42 U.S.C. § 1983 alleging that defendants, members of the medical staff at W.C.C., were deliberately indifferent to his medical needs in violation of the Eighth Amendment. He alleges that between November 1987 and May 1990 the defendants failed to properly diagnose and treat a venereal disease which caused blisters on his penis and caused his eyes to water. The district court granted summary judgment in favor of the defendants. We affirm.
 
 DISCUSSION
 
 2
 We review the district court's entry of summary judgment de novo, drawing all reasonable inferences in favor of the non-moving party. New Burnham Prairie Homes, Inc., v. Village of Burnham, 910 F.2d 1474, 1477 (7th Cir.1990). Summary judgment is appropriate when "there is no genuine issue as to any material fact and ... the moving party is entitled to a judgment as a matter of law." Fed.R.Civ.P. 56(c).
 
 
 3
 We briefly dispose of Lake's claim that defendants failed to diagnose a venereal disease. Prior to incarceration, Lake had been treated for venereal disease with penicillin. Although he was diagnosed with venereal warts at W.C.C., the diagnosing physician stated that the warts were not indicative of venereal disease. In addition, during the course of his treatment at W.C.C., Lake was tested at least three times for venereal disease. All of these laboratory tests were negative, thus ruling out the presence of venereal disease. Lake cannot state a claim for failure to diagnose a disease he does not have.
 
 
 4
 Lake also alleges that he was denied treatment for both his genital and eye conditions. Denial of medical treatment may rise to the level of an Eighth Amendment violation if a prisoner establishes that the prison official acted with deliberate indifference to a serious medical need. Estelle v. Gamble, 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976); Kelley v. McGinnis, 899 F.2d 612, (7th Cir.1990).
 
 
 5
 Accepting Lake's allegations as true, the record does not support a finding of deliberate indifference to a serious medical need with regard to either his genital or eye condition. On the contrary, the record demonstrates that the defendants were clearly attentive to Lake's medical needs, repeatedly treating him, prescribing medication and referring him to specialists.
 
 
 6
 On November 27, 1987, when Lake first complained to the defendants about the blisters on his penis, he was diagnosed with venereal warts and was prescribed anti-fungal cream. He tested negative for venereal disease. On March 22, 1988, Lake was referred to a dermatologist who suggested that the warts be surgically removed. Lake refused the procedure. Lake argues that the dermatologist should have tested him for venereal disease. This argument is without merit as Lake had tested negative for venereal disease three months prior to his appointment with the dermatologist. When he again complained of groin discomfort in March 1989, he was referred to a surgeon for a possible hernia. On May 22, 1990, he underwent a surgical procedure to repair his hernia.
 
 
 7
 Likewise, defendants were conscientious in treating Lake's eye complaints. When he first complained of watering in the eyes, on November 27, 1987, he was prescribed Neosporin eye drops. When he next complained of eye problems on March 22, 1988, he was referred to an optometrist who diagnosed conjunctivitis but did not prescribe medication. On July 18, 1988, he was seen by another consulting optometrist who suggested that he wear his glasses. At a subsequent examination by this optometrist he was instructed to soak his eyelid in a warm solution. On January 10, 1989, he was then seen by an ophthalmologist who noted that a small intraretinal lesion had developed. The opthalmologist prescribed artificial tears to alleviate the irritation.
 
 
 8
 The record is thus devoid of any evidence to support a claim of deliberate indifference to a serious medical need. Lake's brief consists primarily of explanations for his failure to appear for several appointments and failure to pick-up prescriptions in a timely manner. However, the district court's references to Lake's behavior served simply to point out that if there was any indifference to Lake's medical condition, it was on the part of Lake himself and not the defendants. The district court's grant of summary judgment was based solely on the conduct of the defendant and not on Lake's conduct. Lake's explanations are therefore irrelevant.
 
 
 9
 Because there is no evidence of deliberate indifference to Lake's medical condition, defendants were entitled to summary judgment as a matter of law.
 
 CONCLUSION
 
 10
 For the foregoing reasons, the decision of the district court is
 
 
 11
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral arguement would not be helpful to the court in this case. The notice provided that any party might file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Appellant has filed a statement requesting oral argument. Upon consideration of that statement, the briefs and the record, the request for oral argument is denied and the appeal is submitted on the briefs and the records